160 So. 272

## LAWSON et al. v. STATE.

### 8 Div. 35.

Court of Appeals of Alabama.
March 19, 1935.

Henry D. Jones, of Florence, for appellants.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellants were jointly indicted for the offense of robbery (Code 1923, § 5460), jointly tried, and each convicted and sentenced to serve a term of ten years' imprisonment in the penitentiary. They jointly appeal.

The evidence is in direct conflict. That for the state tends to make out every element of the offense. That for the defendants tends to exculpate them. The issues were for the jury.

We have endeavored to perform our full duty under Code 1923, § 3258, aided by the brief filed here in behalf of appellants. But it seems unnecessary to enter upon any lengthy discussion of the rulings apparent which call for a review. Patently, as we view same, none of them were prejudicially erroneous.

The trial court, it is true, erroneously more than once overruled appellants' objection to questions calling for testimony as to their efforts to compromise the case. Graham v. State, 23 Ala. App. 331, 125 So. 200. But the questions were, in each instance, answered in the negative. And, in addition, the trial court in its oral charge specifically warned the jury not to be influenced in any manner

by said questions; of course they could not be (harmfully) by the answers.

Whether appellants—this being a criminal prosecution—could or could not, in the absence of a motion for a new trial, get the benefit of the principle laid down in the opinion in the case of Birmingham Baptist Hospital, Inc., v. Blackwell, 221 Ala. 225, 128 So. 389, an excellent principle, epitomized in the fourth headnote of the report of the case in 221 Ala., to wit: "New trial will be granted if counsel, disregarding court's rulings, persists in attempting to get incompetent evidence before jury to prejudice of unsuccessful party," where the court was at fault, as well as counsel (Solicitor), but where the answers were innocuous, we need not decide, because, as we see it, any harm done to appellants was fully cured by the remarks of the court to the jury on the subject in its oral charge.

We discover nowhere a prejudicially erroneous action or ruling, and the judgments of conviction are each affirmed.

Affirmed.